UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 06 6279

----------------------------------------------------------------------------X

LEERIC HAMPTON

                                    Plaintiff,

       -against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; RAFAEL PINIERO, Chief, Personnel Bureau;
GEORGE W. ANDERSON, Deputy Chief, Executive Officer,
Personnel Bureau; MICHAEL P. O'NEILL, Deputy Chief,
Employee Relations Section; CHARLES MICHAEL MARTINEZ,
Deputy Chief Surgeon, Medical Division; DANIEL SWEENEY,
Sergeant, Counseling Services Unit; SUZANNE GIMBLET,
Detective, Counseling Services Unit; JOHN MAZZELLA,
Police Officer, Counseling Services Unit; MICHAEL
BAHRENBURG, Police Officer, Counseling Services Unit;
SAM WILLIS, Counseling Services Unit; VIVIAN MURPHY,
Counseling Services Unit; CHRISTINE JOANN CARLOZZI,
Detective, Counseling Services Unit, each being sued individually
and in their official capacities as employees of the Police Department
City of New York; MARWORTH ALCOHOL AND CHEMICAL
DEPENDENCY CENTER aka MARWORTH and its agents.

                             Defendants.

----------------------------------------------------------------------------X

Jury Trial Demand

Complaint


JOHNSON, J

LEVY, M.J.

The plaintiff LEERIC HAMPTON, by his attorneys, Jeffrey L. Goldberg, P.C., as and for

his complaint against defendants THE CITY OF NEW YORK; RAYMOND W. KELLY;

RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES

MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA;

MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN

CARLOZZI and MARWORTH, respectfully set forth and allege that:

## INTRODUCTION

1.     This is an action for equitable relief and money damages on behalf of the plaintiff LEERIC HAMPTON, (hereinafter referred to as "plaintiff") who was, and who is prospectively deprived of his civil and constitutional rights as a result of the defendants racketeering activities, race, color and disability discrimination.

## JURISDICTION AND VENUE

2.     The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

(a)     the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(c), making it illegal for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity;

(b)     the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(d), making it unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of 18 U.S.C. 1962;

(c)     the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1964(c), affording the opportunity for any person injured in his business or property by reason of a violation of section 1962, may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee;

(d)     Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race and color;

(e) Title I of the Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA") providing for injunctive and other relief against discrimination in employment on the basis of disability and/or individuals regarded as having a disability;

(f) the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of state law;

(g) the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

(h) the Civil Rights Act of 1871, 42 U.S.C. § 1985(3), providing for protection from conspiracies to interfere with a person's civil rights;

(i) the Establishment Clause of the First Amendment of the Bill of Rights of the United States Constitution, providing for protection against interference with a person's right to freedom of religion.

3. The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Eastern and Southern Districts of New York and the Middle District of Pennsylvania.

4. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; New York City Administrative Code § 8-502; Aiding and Abetting and the Breach of Fiduciary Duty; and Unjust Enrichment, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one civil, constitutional and statutory rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5.      Plaintiff is a male citizen of the United States of America and is over twenty-one

(21) years of age, a resident of the county of Richmond and is an employee of defendant THE CITY

OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department

City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation

defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer

which is the CITY.

## DEFENDANTS'

6.      Defendant CITY was and is a municipal corporation organized and existing under

and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer,

with its central offices in the county of New York, and diverse other offices and facilities

throughout the State of New York.

7.      Defendant CITY is an employer within the definitions contained in 42 U.S.C. §

12111(5), employing more than fifteen (15) employees, and is engaged in an industry affecting

commerce.

8.      Defendants RAYMOND W. KELLY, Police Commissioner; RAFAEL PINIERO,

Chief, Personnel Bureau; GEORGE W. ANDERSON, Deputy Chief, Executive Officer,

Personnel Bureau; MICHAEL P. O'NEILL, Deputy Chief, Employee Relations Section;

CHARLES MICHAEL MARTINEZ, Deputy Chief Surgeon, Medical Division; DANIEL

SWEENEY, Sergeant, Counseling Services Unit; SUZANNE GIMBLET, Detective, Counseling

Services Unit; JOHN MAZZELLA, Police Officer, Counseling Services Unit; MICHAEL

BAHRENBURG, Police Officer, Counseling Services Unit; SAM WILLIS, Counseling Services

Unit; and VIVIAN MURPHY, Counseling Services Unit; CHRISTINE JOANN CARLOZZI, Detective, Counseling Services Unit, each being sued individually and in their official capacities as employees of the Police Department City of New York.

9.    Defendant MARWORTH ALCOHOL AND CHEMICAL DEPENDENCY CENTER and its agents aka MARWORTH (hereinafter referred to collectively as MARWORTH) is an entity of the Geisinger Health System and was formed in accordance with the laws of the Commonwealth of Pennsylvania.  MARWORTH located in Waverly, Pennsylvania, provides inpatient and outpatient alcohol and chemical dependency treatment programs to employees of defendant CITY.

## PROCEDURAL REQUIREMENTS

10.    Plaintiff has filed suit with this Court within the applicable statute of limitations period.

11.    Plaintiff is not required to exhaust any administrative procedures prior to suit under the Racketeer Influenced and Corrupt Organization Act, the Civil Rights Act of 1866, the Civil Rights Act of 1871 or the United States Constitution.

12.    On or about April 7, 2006, plaintiff sought assistance from the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

13.    On or about August 28, 2006, plaintiff received a Dismissal and Notice of Right to Sue from the EEOC.

## BACKGROUND

14.    Plaintiff is an African-American who is currently employed by defendant CITY more specifically the NYPD, as a detective and has either been diagnosed with suffering from or regarded as suffering from chronic alcohol dependency.

15.     Plaintiff alleges that the earliest actions of race, color and disability discrimination commenced on or about September 18, 2005, and continue to this day.

16.     Plaintiff alleges that on or about September 18, 2005, his wife notified the 122nd Precinct to have someone come and speak to him because he was not feeling well.

17.     Plaintiff alleges that shortly thereafter, Sergeant Pernicone arrived at his residence to interview him and his wife.

18.     Plaintiff alleges that during the interview, his wife expressed her concerns that he was feeling depressed because of his recent transfer as well as medical issues confronting the family.

19.     Plaintiff alleges that during the interview, he complained that he was not feeling well and requested to go to the hospital.

20.     Plaintiff alleges that shortly thereafter, he was transported to St. Vincent's Hospital where he was treated and released for severe hypertension.

21.     Plaintiff alleges that on or about September 18, 2005, Captain John S. Vigliotti submitted a report to Patrol Bureau Staten Island finding that his "[p]reliminary investigation revealed that Detective Hampton [was] experiencing stress due to a recent medical crisis affecting his family.  This added stress has led him to being depressed.  Detective Hampton [was] fit for duty and cooperative."

22.     Plaintiff alleges that on or about September 19, 2005, he was ordered to meet with Dr. Irving of the Psychological Services Unit.

23.     Plaintiff alleges that on or about October 19, 2005, he was transferred to the VIPER 15, on restricted duty.

24.     Plaintiff alleges that his transfer to Viper 15 was punitive as it is well known

throughout the Department that "problem children" are assigned to Viper Units.

     25.    Plaintiff alleges that on or about October 20, 2005, he was ordered to meet with defendant JOHN MAZZELLA of the Counseling Services Unit.

     26.    Plaintiff alleges that during the meeting, defendant JOHN MAZZELLA told him that he was required to admit himself into an inpatient alcohol treatment program. The plaintiff responded that he did not need to enter any program because he does not have a drinking problem.

     27.    Plaintiff alleges that he complained to defendant JOHN MAZZELLA that he needed to be home to take care of his wife and son due to their medical conditions, but the defendant was not swayed.

     28.    Plaintiff alleges that defendant JOHN MAZZELLA told him that if he refused to voluntarily enter an inpatient alcohol treatment program, then he would have to report to the Medical Division, where he would be suspended without pay or medical benefits if he continued to refuse to comply with their "offer."

     29.    Plaintiff alleges that he reluctantly decided to admit himself to defendant MARWORTH's inpatient alcohol treatment program to avoid being suspended without pay or medical benefits.

     30.    Plaintiff alleges that on or about October 20, 2005, he entered defendant MARWORTH's inpatient alcohol treatment program

     31.    Plaintiff alleges that later that day, during the intake interview with Emil, he requested a second opinion and diagnosis about his alleged alcoholism.

     32.    Plaintiff alleges that his request was not honored by Emil.

     33.    Plaintiff alleges that on or about October 22, 2005, he made a second request for

an opinion and diagnosis about his alleged alcoholism from Barbara.

34.    Plaintiff alleges that his request was not honored by Barbara.

35.    Plaintiff alleges that on or about October 23, 2005, Barbara told him that she would conduct a re-assessment of his diagnosis with Emil.

36.    Plaintiff alleges that on or about October 24, 2005, Emil told him that the NYPD requires that he remain at defendant MARWORTH for twenty-eight (28) days therefore, he could not be released from the program.

37.    Plaintiff alleges that Emil told him that during his stay at defendant MARWORTH he can be treated for stress.

38.    Plaintiff alleges that he requested an opportunity to review his medical reports and a meeting with Counselor Coordinator.

39.    Plaintiff alleges that later that day, the Counselor Coordinator told him that he would have Emil speak to defendant JOHN MAZZELLA about obtaining authorization for his early release from the program.

40.    Plaintiff alleges that on or about October 26, 2005, he spoke to Emil who told him that the NYPD was requiring that he remain at defendant MARWORTH for twenty-eight (28) days, and that the reason for his admission was not solely for treatment of alcoholism but, also for stress management.

41.    Plaintiff alleges that on or about October 27, 2005, he received a telephone call from defendant JOHN MAZZELLA to discuss his progress.  When he told the defendant that he knew he was not an alcoholic the defendant was "not happy" with this statement.

42.    Plaintiff alleges that on or about November 3, 2005, he met with Dr. Silberg of defendant MARWORTH.

43.    Plaintiff alleges that on or about November 16, 2005, he received another telephone call from defendant JOHN MAZZELLA to discuss his progress.

44.    Plaintiff alleges that on or about November 17, 2005, he was discharged from defendant MARWORTH's program.

45.    Plaintiff alleges that on or about November 18, 2005, he met with defendant JOHN MAZZELLA who informed that he was "required" to participate in a "90/90 Plan" which included attending Counseling Services Unit group meetings held once a week for a total of approximately fifteen (15) weeks.

46.    Plaintiff alleges that on or about November 22, 2005, he received a call from the Counseling Services Unit.  Plaintiff was informed that he could not take a scheduled vacation from December 4th through the 11th (This is the same scheduled vacation that was postponed because of his admission to defendant MARWORTH's program).

47.    Plaintiff alleges that he got into an argument with defendant DANIEL SWEENEY who threatened to file Charges and Specifications for being absent without leave (AWOL) against him if he went on vacation.

48.    Plaintiff alleges that when he asked defendant DANIEL SWEENEY the basis of his threat he did not respond.

49.    Plaintiff alleges that on or about November 28, 2005, he attended a Counseling Services Unit group meeting.

50.    Plaintiff alleges that on or about December 13, 2005, he received notice that he was required to attend a Counseling Services Unit Christmas Party on December 16, 2005, on his regular day off.

51.    Plaintiff alleges that on or about December 14, 2005, when he told defendant

CHRISTINE JOANN CARLOZZI that Christmas Party was scheduled on his day off and that he could not get a chart change in such short notice, she responded, "This [Christmas Party] is a must appear! I don't want to take this to Sergeant Sweeney! There are bigger things than this! So Viper has to work something out."

52.     Plaintiff alleges that upon information and belief, his Central Personnel Index has an indication that he was charged with being unfit for duty. Plaintiff alleges that this indication on his Central Personnel Index is a form of discrimination and retaliation and further damages his reputation with the NYPD.

53.     Plaintiff alleges that upon information and belief, to this day, defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI continues to monitor plaintiff and other similarly situated minority police officers with its Counseling Services Unit at an inordinately high rate as opposed to non-minority police officers who are generally not subject to such monitoring by defendants'.

54.     Defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI continue to utilize the services of defendant MARWORTH who act in collusion to continue this violative pattern and practice of discrimination.

55.     Plaintiff alleges that on or about September 17, 2006, he was restored back to full duty.

56.     Plaintiff alleges that Commissioner James F. Hanley, through defendant CITY's

Office of Labor Relations improperly ceded authority of defendant CITY's Employee Assistance

Program (hereinafter referred to as an EAP) relating to employees of the NYPD more

specifically the Counseling Services Unit without controlled oversight and allowing it to operate

as an EAP without the appropriate certification or waiver from the New York State Office of

Alcoholism and Substance Abuse Services (hereinafter referred to as OASAS) or other

appropriate governing authority.

57.     Plaintiff alleges that from September 18 2005, until this day, defendants'

RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P.

O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET;

JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY and

CHRISTINE JOANN CARLOZZI has violated his civil rights as well as other similarly situated

employees regarded as disabled employees due to chronic alcohol dependency although there

were no changes in their level of job performance.

58.     Plaintiff alleges that from September 18, 2005, until this day, defendants'

RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P.

O'NEILL; CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed

defendants' DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL

BAHRENBURG; SAM WILLIS; VIVIAN MURPHY and CHRISTINE JOANN CARLOZZI as

well as other members of the Medical Division, Employee Relations Section and the Counseling

Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their

HIPPA Rights to restrict the release of their personal medical records under the threat of

suspension and/or termination.

59.     Defendants' CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS and VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations and the Counseling Services Unit then also refused to allow plaintiff as well as other similarly situated employees to view the contents their own case folders.

60.     Plaintiff alleges that from September 18, 2005, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY and CHRISTINE JOANN CARLOZZI as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees under the threat of suspension and/or termination into signing a non-negotiable Counseling Contract without the benefit of legal counsel.

61.     Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit would then strictly enforce the conditions of the contract against plaintiff and other similarly situated employees when they had no actual knowledge of the conditions because a copy of the Counseling Contract was never provided to them.  Nor were the legal ramifications of the contract explained to them.

62.    Plaintiff alleges that from September 18, 2005, defendants' RAYMOND W.

KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and

CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants'

DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL

BAHRENBURG; SAM WILLIS; VIVIAN MURPHY and CHRISTINE JOANN CARLOZZI as

well as other members of the Medical Division, Employee Relations Section and the Counseling

Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their

informed consent rights under the threat of suspension and/or termination to make their own

medical decisions for any treatment.

63.    Plaintiff alleges that from September 18, 2005, until this day, that he and other

similarly situated employees were forced to attend inpatient residential and outpatient alcohol

treatment programs such as defendant MARWORTH when defendants' RAYMOND W.

KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL;

CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN

MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and

CHRISTINE JOANN CARLOZZI as well as other members of the Medical Division, Employee

Relations Section and the Counseling Services Unit knew that they could not be medically and/or

ethically treated because they did not meet the criteria of chronic alcohol dependency and/or

because of sustained remission.

64.    Plaintiff further alleges that defendants' DANIEL SWEENEY; SUZANNE

GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN

MURPHY and CHRISTINE JOANN CARLOZZI as well as other members of the Medical

Division, Employee Relations Section and the Counseling Services Unit would use their

positions as fiduciaries to authorize fraudulent billings to insurance carriers, self insurers and/ not for profit organizations such as Aetna US Healthcare, the Red Cross, the New York City Police Foundation, the Liberty Management Group, defendant CITY's Operating Budget Account or directly to the plaintiff. The billing method depended on whether or not the insurance carrier denied the claim. Upon information and belief defendant MARWORTH knew or should have known that the plaintiff as well as other similarly situated employees were being forced to attend their respective programs against their will or that they did not meet the chronic alcohol dependency criteria.

65.    Plaintiff alleges that from September 18, 2005, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed members of the Medical Division, Employee Relations Section and the Counseling Services Unit to utilize uncertified alcohol counselors and/or trainees to counsel and/or refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs such as defendant MARWORTH without medical necessity.

66.    Plaintiff alleges that such treatment programs included unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification.

67.    Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as Aetna US Healthcare, the Red Cross, the New York City Police Foundation, the Liberty Management Group, defendant CITY and/or the plaintiff.

68.    Plaintiff alleges that from September 18, 2005, until this day, defendants'

RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY and CHRISTINE JOANN CARLOZZI as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to improperly and illegally refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs under the threat of suspension and/or termination.

69.     Plaintiff alleges that from September 18, 2005, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY and CHRISTINE JOANN CARLOZZI as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to force plaintiff as well as other similarly situated employees into inpatient residential and outpatient alcohol treatment programs.

70.     Plaintiff alleges that the Counseling Services Unit would make referrals to inpatient residential and outpatient alcohol treatment programs although there were no findings of chronic alcohol abuse.

71.     Plaintiff alleges that such referrals were solely for the financial benefit of defendants' DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI as well as other members of the Counseling Services Unit; and MARWORTH.

72.    Plaintiff alleges that upon information and belief, defendant SUZANNE

GIMBLET maintains a log to track referrals made to the various programs for the defendant's

financial gain.

73.    Plaintiff alleges that from September 18, 2005, until this day, defendants'

RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P.

O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse

allowed the Counseling Services Unit to retain employees who are not only uncertified but, use

the same inpatient residential and outpatient alcohol treatment programs to obtain falsified

continuing education credits to fulfill OASAS credentialing requirements although they did not

attend any classes or study any of the course material.

74.    Plaintiff alleges that from September 18, 2005, until this day, defendants'

RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P.

O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse

allowed defendants' DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA;

MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY and CHRISTINE JOANN

CARLOZZI as well as other members of the Counseling Services Unit to refer plaintiff as well

as other similarly situated employees to the Twelve Steps Religious Based Alcohol Anonymous

Program under the threat of suspension and/or termination without offering alternative programs

in violation of the Establishment Clause of the First Amendment of the United States

Constitution.

75.    Plaintiff alleges that from September 18, 2005, until this day, plaintiff and

similarly situated employees are being forced to continue being monitored by the Counseling

Services Unit under threat of suspension and/or termination including submitting to Breathalyzer

Tests, Urinalysis and Random Home Visits.

76.    Plaintiff further alleges that to this day, defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI continues to monitor plaintiff and other similarly situated minority police officers with its Counseling Services Unit at an inordinately high rate as opposed to non-minority police officers who are generally not subject to such monitoring by defendants.

77.    Defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI continues to utilize the services of defendant MARWORTH who act in collusion to continue this violative pattern and practice of discrimination.

78.    Plaintiff alleges that on or about October 20, 2005, he was forced to join defendant MARWORTH under the threat of suspension and/or termination by agents of the Counseling Services Unit.  Plaintiff further alleges that while a resident at defendant MARWORTH, defendant MARWORTH engaged in unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification.

79.    Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as Aetna US Healthcare, the Red Cross, the New York City Police

Foundation, the Liberty Management Group, defendant CITY and/or the plaintiff.

80. Based on the foregoing, plaintiff feels that his rights were and are being violated by defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI and MARWORTH.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### CONSPIRACY
### IN VIOLATION OF
### THE RACKETEER INFLUENCED AND CORRPUT ORGANIZATIONS ACT

81. Plaintiff re-alleges paragraphs1 through 80 and incorporates them by reference as paragraphs 1 through 80 of Count I of this Complaint.

82. This cause of action is brought pursuant to 18 U.S.C. § 1964(c).

83. As set forth above, in violation of 18 U.S.C. § 1962(d), defendants' DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI and MARWORTH have conspired to violate 18 U.S.C. § 1962(c).

84. As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting a pattern of racketeering activity. Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against his will, loss of pension and opportunity rights, legal fees to assert his rights, paying excessive premiums for insurance and other related services than they would have in the absence of the conspiracy.

85. Accordingly, defendants' DANIEL SWEENEY; SUZANNE GIMBLET; JOHN

MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE

JOANN CARLOZZI; and MARWORTH are liable to the plaintiff for three times his actual

damages as proven at trial plus interest and attorney's fees.

**COUNT II**
**RACKEETEERING ACTIVITY**
**IN VIIOLATION OF**
**THE RACKETEER INFLUENCED AND CORRUPT ORGANZATIONS ACT**

86.     Plaintiff re-alleges paragraphs 1 through 85 and incorporates them by reference as paragraphs 1 through 85 of Count II of this Complaint.

87.     This cause of action is brought pursuant to 18 U.S.C. § 1964(c), for violations of 18 U.S.C. § 1962(c).

88.     As set forth above, in violation of 18 U.S.C. § 1962(c), defendants' DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI and MARWORTH have conducted or participated in the conduct of the affairs of the Fraudulent Chemical Dependency Enterprise via the Counseling Services Unit through a pattern of racketeering activity.

89.     As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting the pattern of racketeering activity.  Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against his will, loss of pension and opportunity rights, legal fees to assert his rights, paying excessive premiums for insurance and other related services than they would have in the absence of the defendants conduct.

90.     Accordingly, defendants' DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI and MARWORTH are liable to the plaintiff for three times his actual

damages as proven at trial plus interest and attorney's fees.

## COUNT III
### INJUNCTIVE AND DECLARATORY RELIEF UNDER THE
### RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

91.     Plaintiff re-alleges paragraphs 1 through 90 and incorporates them by reference as paragraphs 1 through 90 of Count III of this Complaint.

92.     This claim arises under 18 U.S.C. § 1964(a), which authorizes the Court to enjoin violations of 18 U.S.C. § 1962, and under 28 U.S.C. § 2201, which authorizes declaratory relief.

93.     As set forth in plaintiff's Count I and II and in this Complaint, defendants' DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI and MARWORTH have violated 18 U.S.C. §§ 1962(c) and (d) on a continuing basis and unless enjoined, will continue to do so in the future.

94.     As set forth plaintiff has no adequate remedy at law to prevent future violations of 18 U.S.C. §§ 1962(c) and (d), in the absence of injunctive and declaratory relief.

95.     Accordingly, plaintiff is entitled to declaratory relief declaring the illegal and conspiratorial conduct alleged herein to be in violation of 18 U.S.C. §§ 1962(c) and (d) and injunctive relief enjoining defendants' DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI and MARWORTH from further violations of 18 U.S.C. §§ 1962(c) and (d).

## COUNT IV
### AIDING AND ABETTING
### BREACH OF FIDICUARY DUTY

96.     Plaintiff re-alleges paragraphs 1 through 95 and incorporates them by reference as paragraphs 1 through 95 of Count IV of this Complaint.

97.     As alleged above, a fiduciary relationship existed between plaintiff and CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI and MARWORTH.

98.     Defendants' DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI and MARWORTH breached this duty by acting in their own pecuniary interests and in disregard of the interests of the plaintiff as well as other similarly situated employees as set forth above.

99.     Defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI and MARWORTH knowingly participated in that breach by, among other things, engaging in the fraudulent and conspiratorial conduct described above.

100.    Plaintiff has suffered damages proximately caused by defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ's participation in defendants' DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI and MARWORTH's breach.

101.    Accordingly, defendants' are liable to the plaintiff for damages in an amount to be proven at trial.

## COUNT V
## UNJUST ENRICHMENT

102.    Plaintiff re-alleges paragraphs 1 through 101 and incorporates them by reference as paragraphs 1 through 101 of Count V of this Complaint.

103.    Defendants' DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI and MARWORTH have benefited from their unlawful acts of fraudulent and unnecessary medical billings by receiving wired funds and/or gratuities across states lines from insurance carriers, self insurers and not for profit organizations. These payments have been received by the defendants' at the plaintiff's expense, under circumstances where it would be inequitable for the defendants' to be permitted to retain the benefit.

## COUNT VI
## RACE AND COLOR DISCRIMINATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

104.    Plaintiff re-alleges paragraphs 1 through 103 and incorporates them by reference as paragraphs 1 through 103 of Count VI of this Complaint.

105.    Plaintiff alleges that defendant CITY engaged in a pattern and practice of discrimination against his with respect to the terms, conditions and privileges of employment because of the plaintiff's race and color in violation of 42 U.S.C. § 2000e-2.

106.    As part of its pattern and practice of employment discrimination defendant CITY treated plaintiff in a manner indicative of race and color discrimination, with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

107.    The failure of defendant CITY to thoroughly investigate plaintiff's allegations of race and color discrimination.

108.   Defendant CITY knew or should have known about race and color discrimination in the workplace because of their prior history of discriminatory conduct against the plaintiff and other similarly situated individuals.

109.   Defendant CITY failed and refused to take appropriate action to end the discriminatory treatment and conditions which plaintiff was subjected to, which was clearly motivated by race and color discrimination in a clear demonstration of bad faith.

110.   That as a result of the discriminatory acts of defendant CITY plaintiff suffered depression and anxiety.

111.   Defendant CITY acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at plaintiff and continued from in or about September 18, 2005, until this day.

112.   As a result of the acts of defendant under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, loss of pension rights, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT VII**
**RETALIATION**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

113.   Plaintiff re-alleges paragraphs 1 through 112 and incorporates them by reference as paragraphs 1 through 112 of Count VII of this Complaint.

114.   Plaintiff alleges that defendant CITY engaged in various retaliatory actions against plaintiff as a result of his opposition to race and color discrimination and as a result of his filing such complaints with the NYPD and the EEOC, in violation of 42 U.S.C. § 2000e-3(a).

115.   That as a result of the illegal acts of defendant CITY plaintiff suffered depression

and anxiety.

## COUNT VIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

116.   Plaintiff re-alleges paragraphs 1 through 115 and incorporates them by reference as paragraphs 1 through 115 of Count VIII of this Complaint.

117.   Plaintiff alleges that defendant CITY engaged in various severe and hostile actions towards plaintiff as a result of his opposition to race and color discrimination and as a result of his filing such complaints with the NYPD and the EEOC.

118.   That as a result of the severe and hostile acts of the defendant CITY plaintiff suffered depression, anxiety and loss of job opportunities.

## COUNT IX
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

119.   Plaintiff re-alleges paragraphs 1 through 118 and incorporates them by reference as paragraphs 1 through 118 of Count IX of this Complaint.

120.   At all relevant times, plaintiff has been regarded as a qualified individual with a disability within the meaning of 42 U.S.C. §12102.  More particularly, plaintiff is regarded by the NYPD as a qualified individual with a mental impairment due to chronic alcohol abuse.

121.   Defendant CITY failure to treat plaintiff in a manner comparable to other similarly situated individuals regarded as a qualified individual with a mental impairment due to chronic alcoholism constitutes disability discrimination against plaintiff with respect to the terms, conditions, or privileges of employment.

122.   Defendant's actions constitute a violation of 42 U.S.C. §12112(b)(5)(A).

## COUNT X
## RETALIATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

123.    Plaintiff re-alleges paragraphs 1 through 122 and incorporates them by reference as paragraphs 1 through 122 of Count X of this Complaint.

124.    Plaintiff alleges that defendant CITY engaged in various retaliatory actions against him as a result of his opposition to disability discrimination and as a result of him expressing his first amendment right to criticize defendants for coercing him and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Step Religious Based Alcoholic Anonymous Program, in violation of 42 U.S.C. § 12203(a).

125.    That as a result of the illegal retaliatory acts of defendant CITY plaintiff has suffered from depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

## COUNT XI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

126.    Plaintiff re-alleges paragraphs 1 through 125 and incorporates them by reference as paragraphs 1 through 125 of Count XI of this Complaint.

127.    Plaintiff alleges that defendant CITY engaged in various severe and hostile actions towards him as a result of his opposition to disability discrimination and as a result of his expressing his first amendment right to criticize defendants for coercing his and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Steps Religious Based Alcoholic Anonymous Program.

128.    That as a result of the severe and hostile acts of defendant CITY plaintiff has suffered depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

**COUNT XII**
**RACE AND COLOR DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

129.    Plaintiff re-alleges paragraphs 1 through 128 and incorporates them by reference as paragraphs 1 through 128 of Count XII of this Complaint.

130.    That by the aforesaid discriminatory acts and omissions of defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and CHRISTINE JOANN CARLOZZI acting individually and acting in their capacities as public officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

131.    That the purpose of defendants' in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

132.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1981.

133.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

### COUNT XIII
### RETALIATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

134.    Plaintiff re-alleges paragraphs 1 through 133 and incorporates them by reference as paragraphs 1 through 133 of Count XIII of this Complaint.

135.    Plaintiff alleges that RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and CHRISTINE JOANN CARLOZZI engaged in various retaliatory actions against him acting individually and in their capacities as public officials of defendant CITY as a result of his opposition to race and color discrimination.

136.    That the purpose of defendants' in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

137.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

138.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages.

## COUNT XIV
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

139.    Plaintiff re-alleges paragraphs 1 through 138 and incorporates them by reference as paragraphs 1 through 138 of Count XIV of this Complaint.

140.    Plaintiff alleges that defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and CHRISTINE JOANN CARLOZZI engaged in various severe and hostile actions against him acting individually and in their capacities as public officials of defendant CITY as a result of his opposition to race and color discrimination.

141.    That the purpose of defendants' in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

142.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

143.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XV
## RACE AND COLOR DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

144.    Plaintiff re-alleges paragraphs 1 through 143 and incorporates them by reference as paragraphs 1 through 143 of Count XV of this Complaint.

145.    Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and CHRISTINE JOANN CARLOZZI under color of law, personally interfered with and deprived plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

146.    Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and CHRISTINE JOANN CARLOZZI acting individually and in their official capacities as public officials of defendant CITY under color of law, and having been fully advised that plaintiff, an African-American male, was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his

grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

147.    Defendants' in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of race and color discrimination in the workplace.

148.    Defendants' in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

149.    Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about September 18, 2005, until this day.

150.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XVI
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

151.    Plaintiff re-alleges paragraphs 1 through 150 and incorporates them by reference as paragraphs 1 through 150 of Count XVI of this Complaint.

152.    Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and CHRISTINE JOANN CARLOZZI under color of law, personally interfered with and deprived plaintiff of his pension and constitutional rights,

including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

153.    Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and CHRISTINE JOANN CARLOZZI acting individually and in their official capacities as public officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

154.    Defendants' in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

155.    Defendants' in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

156.    Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about September 18, 2005, until this day.

157.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XVII**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

158.    Plaintiff re-alleges paragraphs 1 through 157 and incorporates them by reference as paragraphs 1 through 157 of Count XVII of this Complaint.

159.    Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and CHRISTINE JOANN CARLOZZI under color of law, personally interfered with and deprived plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

160.    Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and CHRISTINE JOANN CARLOZZI acting individually and in their official capacities as public officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights,

either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

161. Defendants' in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

162. Defendants' in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

163. Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about September 18, 2005, until this day.

164. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### COUNT XVIII
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

165. Plaintiff re-alleges paragraphs 1 through 164 and incorporates them by reference as paragraphs 1 through 164 of Count XVIII of this Complaint.

166. Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL

SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and CHRISTINE JOANN CARLOZZI under color of law, personally interfered with and deprived plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

167.   Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and CHRISTINE JOANN CARLOZZI acting individually and in their official capacities as public officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

168.   Defendants' in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

169.   Defendants' in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

170.    Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about September 18, 2005, until this day.

171.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XIX**
**FALSE IMPRISONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

172.    Plaintiff re-alleges paragraphs 1 through 171 and incorporates them by reference as paragraphs 1 through 171 of Count XIX of this Complaint.

173.    Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and CHRISTINE JOANN CARLOZZI under color of law, personally interfered with and deprived plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

174.    That by the improper and illegal confinement of plaintiff at defendant MARWORTH under the threat of suspension and/or termination by defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL;

CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN

MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and

CHRISTINE JOANN CARLOZZI acting individually and acting in their capacities as public

officials of defendant CITY, under color of law, and having been fully advised that plaintiff was

being deprived of his pension and constitutional rights, either acted in a concerted, malicious

intentional pattern to further discriminate against plaintiff, or knowing such discrimination was

taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his

rights to enjoy freedom of speech, movement, association and assembly, to petition his

government for redress of his grievances, to be secure in his person, to be free from unreasonable

searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property

without due process of law, all in violation of 42 U.S.C. § 1983.

175.    That by the improper and illegal confinement of plaintiff at defendant

MARWORTH acting in collusion with defendants' RAYMOND W. KELLY; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL

MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL

BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and CHRISTINE JOANN CARLOZZI

interfered with plaintiff's right to enjoy freedom of speech, movement, association and assembly,

to petition his government for redress of his grievances, to be secure in his person, to be free

from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life,

liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

176.    That the purpose of defendants' RAYMOND W. KELLY; RAFAEL PINIERO;

GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ;

DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL

BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI and

MARWORTH in so acting was to prevent plaintiff, through economic and psychological

intimidation, from seeking the equal protection of the laws, and from enjoying the equal

privileges and immunities of citizens under the Constitution and laws of the United States and

the State of New York including but not limited to enjoy his right to freedom of speech,

movement, association and assembly, to petition his government for redress of his grievances, to

be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and

deprivation of life, liberty, and property without due process of law.

177.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1983.

178.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages, in addition to deprivation of his civil rights.

## COUNT XX
### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)

179.    Plaintiff re-alleges paragraphs 1 through 178 and incorporates them by reference

as paragraphs 1 through 178 of Count XX of this Complaint.

180.    That by the aforesaid discriminatory acts and omissions of defendants'

RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P.

O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET;

JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and

CHRISTINE JOANN CARLOZZI and MARWORTH acting individually and in their official

37

capacities as public officials of defendant CITY and/or independent contractor to defendant CITY conspired, planned, agreed and intended to act in manner to thereby cause economic and psychological injury to plaintiff.

181.    That the purpose of the defendants' in so acting was to prevent plaintiff from obtaining the benefits to which he was entitled under the law and from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

182.    Pursuant to their conspiracy, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; CHRISTINE JOANN CARLOZZI and MARWORTH acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of discrimination and bad faith, all in violation of 42 U.S.C. § 1985 (3).

183.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

## COUNT XXI
## FORCED TREAMENT IN AN ALCOHOLIC ANONYMOUS BASED PROGRAM IN VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

184.    Plaintiff re-alleges paragraphs 1 through 183 and incorporates them by reference as paragraphs 1 through 183 of Count XVIII of this Complaint.

38

185.    The First Amendment of the Bill of Rights of the United States Constitution makes it unlawful to prohibit the freedom of expression.

186.    Plaintiff alleges that defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; JOHN MAZZELLA; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and CHRISTINE JOANN CARLOZZI violated his right to freedom of expression.

187.    Defendants' through the Counseling Services Unit improperly and illegally forced plaintiff to attend the Twelve Steps Religious Based Alcohol Anonymous Program under the threat of suspension and/or termination.

188.    As a result of the aforesaid acts, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

## COUNT XXII
## RACE AND COLOR DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

189.    Plaintiff re-alleges paragraphs 1 through 188 and incorporates them by reference as paragraphs 1 through 188 of Count XXII of this Complaint.

190.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color.

## COUNT XXIII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

191.    Plaintiff re-alleges paragraphs 1 through 190 and incorporates them by reference

as paragraphs 1 through 190 of Count XXIII of this Complaint.

192.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.

## COUNT XXIV
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

193.    Plaintiff re-alleges paragraphs 1 through 192 and incorporates them by reference as paragraphs 1 through 192 of Count XXIV of this Complaint.

194.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

## COUNT XXV
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

195.    Plaintiff re-alleges paragraphs 1 through 194 and incorporates them by reference as paragraphs 1 through 194 of Count XXV of this Complaint.

196.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation, race, color and disability discrimination are encouraged and/or tolerated.

## COUNT XXVI
## RACE AND COLOR DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

197.    Plaintiff re-alleges paragraphs 1 through 196 and incorporates them by reference as paragraphs 1 through 196 of Count XXVI of this Complaint.

198.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color.

**COUNT XXVII**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINSTRATIVE CODE § 8-502**

199.    Plaintiff re-alleges paragraphs 1 through 198 and incorporates them by reference as paragraphs 1 through 198 of Count XXVII of this Complaint.

200.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.

**COUNT XXVIII**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINSTRATIVE CODE § 8-502**

201.    Plaintiff re-alleges paragraphs 1 through 200 and incorporates them by reference as paragraphs 1 through 200 of Count XXVIII of this Complaint.

202.    The New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

## COUNT XXIX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-502

203.    Plaintiff re-alleges paragraphs 1 through 202 and incorporates them by reference as paragraphs 1 through 202 of Count XXIX of this Complaint.

204.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation, race, color and disability discrimination are encouraged and/or tolerated.

### JURY TRIAL

205.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

### PRAYER FOR RELIEF

**Wherefore,** plaintiff demands compensatory and punitive damages from these defendants jointly and severally, in an amount to be determined at trial, plus any and all available statutory remedies, both legal and equitable, and interests and costs.

Dated:       Lake Success, N.Y.
             November 24, 2006

Respectfully submitted,

By: _____
      Eric Sanders (ES0224)

Jeffrey L. Goldberg, P.C.
Attorneys for Plaintiff
2001 Marcus Avenue, Suite S160
Lake Success, NY 11042
516-775-9400